UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TYRICE L. SAWYERS        ]
    Petitioner,         ]
                         ]
v.                       ]      No. 3:07-1175
                         ]      Judge Trauger
UNITED STATES OF AMERICA ]
    Respondent.         ]


M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the United States Penitentiary in Atlanta, Georgia. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

In February, 2000, a jury found the petitioner guilty of being a convicted felon in possession of a firearm. United States of America v. Sawyers, No. 3:99-cr-00193 (M.D. Tenn.)(Higgins, J., presiding). The Court sentenced him as an armed career criminal to 300 months in prison, to be followed by five years of supervised release. Id., at Docket Entry No.164.

On appeal, the Sixth Circuit Court of Appeals affirmed the conviction. However, petitioner's sentence was vacated and the case was remanded to the district court for further findings. United States of America v. Sawyers, 409 F.3d 732 (6th Cir.2005).

Upon remand, the Court made the requisite findings and once

1

again imposed a sentence of 300 months in prison, to be followed by five years of supervised release. Docket Entry No.14-10; Exhibit No.9 at pg.102. On appeal, the Sixth Circuit Court of Appeals affirmed the petitioner's sentence. Docket Entry No.14-11; Exhibit No.10.

On November 30, 2007, the petitioner filed the instant § 2255 motion (Docket Entry No.1) attacking his conviction and sentence. As grounds for relief, the petitioner claims that

1) his trial counsel[1] was ineffective because
   a) he failed "to investigate the actual facts of the case",
   b) he did not correctly advise the petitioner as to the law,
   c) he neglected to formulate and execute a viable defense, and
   d) he did not "exercise the skills and diligence" needed to perform his duties;

2) his attorney at the original sentencing[2] hearing was ineffective because
   a) he failed "to perform as an adversary in petitioner's behalf",
   b) he did not communicate with the petitioner about the case as well as "the alternate sentence that the Government made available",
   c) he failed to subpoena witnesses for the petitioner's sentencing hearing, and
   d) he did not correctly advise the petitioner of the elements of the

---

[1] At trial, the petitioner was represented by Lionel Barrett, formerly a member of the Davidson County Bar.

[2] At his original sentencing hearing, the petitioner was represented by Roger N.(Bo) Taylor.

2

>               offense;
>
>          3)  the state convictions used to qualify the
>              petitioner as an armed career criminal were
>              related and should have been treated as a
>              single conviction rather than as multiple
>              convictions.[3]

Upon preliminary examination of the petitioner's motion, the Court found that it was not facially frivolous. Accordingly, by an order (Docket Entry No.2) entered December 10, 2007, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court are petitioner's § 2255 motion and the government's response opposing the motion (Docket Entry No.14). Having carefully considered the pleadings and the record, it does not appear that an evidentiary hearing is needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir.2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief). Consequently, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules -- § 2255 Cases.

The petitioner asserts that he did not have the requisite predicate offenses to qualify as an armed career criminal for sentencing purposes (Claim No.3). The Armed Career Criminal Act

---

[3] The petitioner's claims are set forth in detail in his Memorandum and Brief (Docket Entry No.7).

3

provides that a convicted felon in possession of a firearm, who has three previous convictions by any court for a violent felony or a serious drug offense (committed on occasions different from one another), shall be subject to imprisonment for a term of not less than fifteen (15) years. 18 U.S.C. § 924(e)(1).

According to the petitioner's Presentence Investigation Report, his status as an armed career criminal is based upon previous state convictions for facilitation of aggravated burglary (Case No. 92-C-1450), statutory rape (Case No. 94-A-163) and retaliation for past action (Case No. 94-B-780). Docket Entry No.14-9; Exhibit No.8 at pg.11, ¶ 26.

On direct appeal from his conviction, the Sixth Circuit Court of Appeals affirmed the use of the facilitation conviction as an appropriate predicate offense in determining whether the petitioner qualified as an armed career criminal. United States of America v. Sawyers, 409 F.3d 732, 737-740 (6th Cir.2005). Likewise, the appellate court found that the petitioner's retaliation conviction could also be used to establish armed career criminal status. Id., at pgs.742-743. The record, however, was unclear as to whether the petitioner's conviction for statutory rape qualified as a predicate offense. Therefore, the case was remanded back to the district court for further findings addressing this issue and for resentencing.

On remand, Judge Higgins found that the petitioner's statutory

4

rape conviction did qualify as a third predicate offense. He reimposed the petitioner's original sentence. Docket Entry No.14-10; Exhibit No.9 at pgs. 102-109. On appeal, the Sixth Circuit Court of Appeals concurred with his findings and affirmed the sentence. Docket Entry No.14-10; Exhibit No.10.

The petitioner has twice before challenged the validity of his sentence in an appellate court. The sentence has been affirmed. Those prior state convictions used to qualify the petitioner as an armed career criminal have been approved on review by a higher court. The petitioner's third claim, therefore, has no merit and will not support a claim for relief.[4]

The remaining claims (Claim Nos.1 and 2) assert that the petitioner was denied the effective assistance of counsel at both trial and his original sentencing hearing. More specifically, the petitioner alleges that his attorneys failed to properly investigate the state convictions used as predicate offenses and, as a result, they neglected to challenge the use of these convictions, failed to ascertain the availability of a "mere felon in possession defense", and did not present witnesses to negate the

---

[4] The petitioner also suggests that Amendment No.709 to the Sentencing Guidelines provides him with some basis for relief. Amendment No.709 amended § 4A1.1(f) of the Sentencing Guidelines. This amendment did not become effective until November 1, 2007, well after the petitioner's sentence had been imposed and affirmed by the Sixth Circuit. Therefore, this amendment did not in any way affect the calculation of petitioner's sentence.

5

armed career criminal enhancement.[5] Docket Entry No.7 at pgs.7-14.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 90 S.Ct. 1441, 1449, n.14 (1970). To establish a violation of this right, the petitioner bears the burden of showing that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the alleged deficiency. Strickland v. Washington, 104 S.Ct. 2052 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir.2003).

To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness." Strickland, supra at 104 S.Ct. 2052. The petitioner's ineffective assistance claims focus upon the inability of his attorneys to prevent an enhancement of his sentence pursuant to the Armed Career Criminal Act. The Sixth Circuit Court of Appeals has ruled that the petitioner was deserving of such a status and enhancement. Consequently, petitioner's attorneys were not deficient for failing to prevent

---

[5] In his motion, the petitioner has made conclusory allegations regarding the assistance of counsel. His claims, though, were more fully explained in his Memorandum and Brief in Support of the Motion. Docket Entry No.7. His claims are limited to the sentence he received rather than the conviction itself.

6

something that has already been deemed appropriate by two federal courts. Thus, in the absence of any deficiency on the part of his attorneys, the petitioner was not denied the effective assistance of counsel. Petitioner's motion for § 2255 relief, therefore, lacks merit and shall be denied.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge